[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-15860 & 05-16096

_____

NLRB Nos. 12-CA-20173 & 12-CA-20527 & 12-CA-17385

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

GIMROCK CONSTRUCTION, INC.,

Respondent.

_____

Applications for Enforcement of Orders of
the National Labor Relations Board

_____

**(December 27, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

This is a consolidation of two applications of the National Labor Relations

Board ("the Board") to enforce its Order (R.3-13 at 1-9) and its Supplemental

Decision and Order (R.1-30 at 1-7) against Gimrock Construction, Inc. ("Gimrock").

The International Union of Operating Engineers, Local 487, AFL-CIO ("the Union") initiated these proceedings by filing unfair labor practice charges against Gimrock.

Our obligation is to review the record to determine if there is substantial evidence to support the Board's findings. *NLRB v. Varo, Inc.*, 425 F.2d 293, 296 (5th Cir. 1970). This court will enforce an order even if it "would have made different findings upon a *de novo* review of the evidence." *Cooper/T. Smith, Inc. v. NLRB*, 177 F.3d 1259, 1261 (11th Cir. 1999).

Four issues are presented for our review. First, Respondent challenges the Board's finding that Gimrock violated 29 U.S.C. § 158(a)(1) and (5) by refusing the Union's requests for payroll records. Second, Respondent disputes the Board's finding that Gimrock violated 29 U.S.C. § 158(a)(1) and (5) and § 158(d) by refusing to meet and bargain collectively after October 27, 1999. Third, Respondent challenges the Board's finding that Gimrock violated 29 U.S.C. § 158(a)(1) and (3) by refusing to reinstate the Union strikers. Fourth, Respondent disputes the Board's finding that the Union's bargaining position did not evidence an unlawful jurisdiction dispute. Having reviewed the record, we conclude that substantial evidence supports the Board's findings on all four issues. Thus, the Board's Order (R.3-13 at 1-9) and its Order following its Supplemental Decision (R.1-30 at 1-7) will be enforced.

**ORDERS ENFORCED.**

2